DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

THOMAS F. FRIEDBERG; and SARAH     )
LYNN BUNGE,                        )
                                   )
              Plaintiffs,          )
                                   )     Civil No. 2015-03
              v.                   )
                                   )
BAREFOOT ARCHITECT, INC.;          )
BAREFOOT DESIGN GROUP, LLC;        )
ALEXANDER MICHAEL MILNE;           )
BAREFOOT BUILDERS, INC.; THE A.    )
MICHAEL MILNE REVOCABLE TRUST;     )
VILLAGE VERNACULAR, INC.; and      )
SENG KHAUV,                        )
                                   )
              Defendants.          )
_____  )

ATTORNEYS:

**Thomas F. Friedberg, Esq.**
Law offices of Friedberg & Bunge
San Diego, CA
     *For plaintiffs Thomas F. Friedberg and Sarah Lynn Bunge,*

**Carol Ann Rich, Esq.**
**Lenehn Ning Ricks, Esq.**
Dudley Rich Davis, LLP
St. Thomas, VI
     *For defendants Barefoot Architect, Inc., Barefoot Design*
     *Group, LLC, Alexander Michael Milne, Barefoot Builders,*
     *Inc., the A. Michael Milne Revocable Trust; Village*
     *Vernacular, Inc., and Seng Khauv.*


**ORDER**

     Before the Court is the motion of defendants Barefoot

Architect, Inc.; Barefoot Builders, Inc.; Barefoot Design Group,

LLC; Seng Khauv ("Khauv"); Alexander Michael Milne ("Milne");

the A. Michael Milne Revocable Trust (the "Trust"); and Village

*Friedberg et al. v. Barefoot Architect, et al.*
Civil No. 2015-03
Order
Page 2

Vernacular (collectively "the Barefoot Defendants" or "the defendants") to dismiss the complaint in this matter pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.   FACTUAL AND PROCEDURAL HISTORY

In 2004, Barefoot Architect, Inc. ("Barefoot") filed a complaint in this Court.  In its complaint, Barefoot asserted that Thomas F. Friedberg ("Friedberg") and Sarah Lynn Bunge ("Bunge") had committed copyright infringement and violated the Lanham Act (the "Copyright Case"). Friedberg and Bunge (collectively referred to herein as the "Owners") filed various counterclaims. Barefoot moved to dismiss the Owners' counterclaims. The Owners moved for summary judgment. The Court dismissed the Owners' counterclaims. In an opinion dated October 26, 2009, the Court granted Friedberg and Bunge's motions for summary judgment, and entered judgment in favor of Friedberg and Bunge on the claims in the Copyright Case. The Third Circuit affirmed summary judgment, but reversed the Court's dismissal of the counterclaims.

Thereafter, in 2009, the Owners filed a motion for attorney's fees and costs in this Court.  The Owners also filed for attorney's fees and costs incurred before the Third Circuit. The Third Circuit awarded attorney's fees and costs incurred in that Court.  Friedberg and Bunge assert that while the Owners'

*Friedberg et al. v. Barefoot Architect, et al.*
Civil No. 2015-03
Order
Page 3

motion for attorney's fees and costs in this Court was still
pending, Barefoot transferred significant assets to others.  The
Owners allege such transfers were done to prevent the Owners
from using those assets to satisfy the judgment of the Third
Circuit and the judgment of the District Court in the Copyright
Case. On December 2, 2013, the Court accepted a settlement
agreement between the parties to dismiss all of the still
pending counterclaims in the Copyright Case.

The Owners filed the complaint in this matter on January
18, 2015.[1]  The complaint alleges that the defendants
fraudulently conveyed assets necessary to pay the anticipated
judgment award for attorney's fees and costs in the Copyright
Case (the instant action is referred to herein as the
"Fraudulent Conveyance Action"). The Owners seek imposition of a
constructive trust on the transferred assets, declaratory
judgment that the assets belong to Barefoot, and a finding that
each of the defendants is an alter ego of Barefoot whose assets
may be sought in order to execute the Copyright Case award.[2]

---

[1] Friedberg and Bunge originally filed a factually similar complaint in case
number 2013-109. That complaint was dismissed on January 5, 2015, for failure
to serve the Barefoot defendants.

[2] Friedberg and Bunge list the fraudulent conveyance claim as Count One, and
thereafter list each of the sought remedies as a separate count. Though
Friedberg and Bunge seek different types of relief, the only count which
states a cause of action is the fraudulent conveyance claim.

*Friedberg et al. v. Barefoot Architect, et al.*
Civil No. 2015-03
Order
Page 4

## II.  <u>DISCUSSION</u>

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual

*Friedberg et al. v. Barefoot Architect, et al.*
Civil No. 2015-03
Order
Page 5

pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[3]:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

---

[3] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

*Friedberg et al. v. Barefoot Architect, et al.*
Civil No. 2015-03
Order
Page 6

## III. <u>ANALYSIS</u>

The Barefoot Defendants allege that Friedberg and Bunge have failed to state a claim for fraudulent conveyance. The elements of a fraudulent conveyance claim are: (1) an actual conveyance of property or assets by the debtor which; (2) is made while a suit is still pending or in anticipation of a lawsuit; that (3) renders the transferor insolvent or greatly reduces its estate; and (4) is made for less than fair consideration. *Gov't Guar. Fund of Republic of Finland v. Hyatt Corp.*, 955 F. Supp. 441, 462, 35 V.I. 356 (D.V.I. 1997).

A fraudulent conveyance claim is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9 ("Rule 9"). *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078-79 (7th Cir. 1997). To be well pled under Rule 9

> [t]he claim must identify who, what, where, when, and how. Rule 9(b) is to be read in the context of the general principles of the Federal Rules, the purpose of which is to simplify pleading. Thus, the particularity required by Rule 9(b) is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations.

*United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003).

Friedberg and Bunge's complaint includes a number of allegations directed at transactions they believe were

*Friedberg et al. v. Barefoot Architect, et al.*
Civil No. 2015-03
Order
Page 7

fraudulent. However, most of these allegations fail to distinguish between any of the defendants. For example, Friedberg and Bunge allege that, "Barefoot conveyed and transferred the following assets to the reaming Defendants, and each of them, all of the purpose to avoid paying Plaintiffs . . ." and thereafter list a number of assets. (Compl. ¶ 12.) Some of the assets listed are specific items, such as a "2007 Jeep Liberty automobile." (Compl. ¶ 12(a).) Other assets are identified with far less specificity, such as "[a]ccounts receivable and clients of an unknown value . . ." (Compl. ¶ 12(d)).

The Court notes that, included in their allegations, Friedberg and Bunge assert that each of these defendants is the alter ego of the others and that none are separate entities. Other than making blanket conclusory statements, Friedberg and Bunge have not made any allegations that support such an inference. The Court also notes that, with rare exception, Friedberg and Bunge have failed to allege when the allegedly fraudulent transfers occurred.

Friedberg and Bunge are correct in stating that Rule 9 is not to be applied inflexibly, particularly where certain knowledge may be solely in the hands of the defendants. *See, e.g., Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742

*Friedberg et al. v. Barefoot Architect, et al.*
Civil No. 2015-03
Order
Page 8

F.2d 786, 791 (3d Cir. 1984). That said, even flexible

application of Rule 9 does require some measure of precision in

pleading. See id. ("Rule 9(b) requires plaintiffs to plead with

particularity the 'circumstances' of the alleged fraud in order

to place the defendants on notice of the precise misconduct with

which they are charged . . . . Plaintiffs are free to use

alternative means of *injecting precision and some measure of

substantiation* into their allegations of fraud.") Allegations,

like those contained in Friedberg and Bunge's complaint, which

fail to include even a general timeframe and fail to distinguish

between the Barefoot Defendants, do not meet the requirements of

Rule 9 no matter how flexibly applied. Though it is not expected

or required that Friedberg and Bunge obtain information which

resides solely in the hands of the defendants, they must do more

to inject some level of precision into their pleading.

It is evident that as the complaint currently stands, its

fraudulent conveyance claim is deficient.  Where a claim is

subject to dismissal, district courts are instructed to provide

the plaintiff with leave to amend even if the plaintiff has not

requested such leave. *See Phillips v. Cnty. Of Allegheny*, 515

F.3d 224, 245 (3d Cir. 2008). The only exception to this general

rule is where the district court finds that amendment would be

*Friedberg et al. v. Barefoot Architect, et al.*
Civil No. 2015-03
Order
Page 9

inequitable or futile. *See id.*  The Court does not find that

amendment would be futile or inequitable here.

The premises considered, it is hereby

**ORDERED** that the Barefoot Defendants' motion to dismiss the

complaint for failure to state a claim is **GRANTED**; it is further

**ORDERED** that the complaint in this matter is **DISMISSED**

**without prejudice**; and it is further

**ORDERED** that, to the extent they wish to do so, Friedberg

and Bunge shall amend their complaint by no later than August

31, 2015.


S\_____
**Curtis V. Gómez**
**District Judge**