```
            DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN

THOMAS F. FRIEDBERG; and SARAH    )
LYNN BUNGE,                       )
                                  )
            Plaintiffs,           )
                                  )    Civil No. 2015-03
      v.                          )
                                  )
BAREFOOT ARCHITECT, INC.;         )
BAREFOOT DESIGN GROUP, LLC;       )
ALEXANDER MICHAEL MILNE;          )
BAREFOOT BUILDERS, INC.; THE A.   )
MICHAEL MILNE REVOCABLE TRUST;    )
VILLAGE VERNACULAR, INC.; and     )
SENG KHAUV,                       )
                                  )
            Defendants.           )
```

ATTORNEYS:

**Thomas F. Friedberg, Esq.**
Law offices of Friedberg & Bunge
San Diego, CA
    *For plaintiffs Thomas F. Friedberg and Sarah Lynn Bunge,*

**Carol Ann Rich, Esq.**
**Lenehn Ning Ricks, Esq.**
Dudley Rich Davis, LLP
St. Thomas, VI
    *For defendants Barefoot Architect, Inc., Barefoot Design*
    *Group, LLC, Alexander Michael Milne, Barefoot Builders,*
    *Inc., the A. Michael Milne Revocable Trust; Village*
    *Vernacular, Inc., and Seng Khauv.*

## MEMORANDUM OPINION

Before the Court is the motion of defendants Barefoot Architect, Inc.; Barefoot Builders, Inc.; Barefoot Design Group, LLC; Seng Khauv ("Khauv"); Alexander Michael Milne ("Milne"); the A. Michael Milne Revocable Trust (the "Trust"); and Village

*Friedberg et al. v. Barefoot Architect, et al.*
Civil No. 2015-03
Memorandum Opinion
Page 2

Vernacular (collectively "the Barefoot Defendants" or "the defendants") to dismiss the complaint in this matter pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.   FACTUAL AND PROCEDURAL HISTORY

In 2004, Barefoot Architect, Inc. ("Barefoot") filed a complaint in this Court.  In its complaint, Barefoot asserted that Thomas F. Friedberg ("Friedberg") and Sarah Lynn Bunge ("Bunge") had committed copyright infringement and violated the Lanham Act (the "Copyright Case"). Friedberg and Bunge (collectively referred to herein as the "Owners") filed various counterclaims. Barefoot moved to dismiss the Owners' counterclaims. The Owners moved for summary judgment. The Court dismissed the Owners' counterclaims. In an opinion dated October 26, 2009, the Court granted Friedberg and Bunge's motions for summary judgment, and entered judgment in favor of Friedberg and Bunge on the claims in the Copyright Case. The Third Circuit affirmed summary judgment, but reversed the Court's dismissal of the counterclaims.

Thereafter, in 2009, the Owners filed a motion for attorney's fees and costs in this Court. The Owners also sought attorney's fees and costs incurred before the Third Circuit. The Third Circuit awarded attorney's fees and costs incurred in that Court. Friedberg and Bunge assert that while the Owners'

motion for attorney's fees and costs in this Court was still pending, Barefoot transferred significant assets to others. The Owners allege such transfers were done to prevent the Owners from using those assets to satisfy the judgment of the Third Circuit and the judgment of the District Court in the Copyright Case. On December 2, 2013, the Court accepted a settlement agreement between the parties to dismiss all of the then pending counterclaims in the Copyright Case.

    The Owners filed the complaint in this matter on January 18, 2015.[1] The complaint alleges that the defendants fraudulently conveyed assets necessary to pay the anticipated judgment award for attorney's fees and costs in the Copyright Case (the instant action is referred to herein as the "Fraudulent Conveyance Action"). The Owners seek imposition of a constructive trust on the transferred assets, declaratory judgment that the assets belong to Barefoot, and a finding that each of the defendants is an alter ego of Barefoot whose assets may be sought in order to execute the Copyright Case award.[2]

---

[1] Friedberg and Bunge originally filed a factually similar complaint in case number 2013-109. That complaint was dismissed on January 5, 2015, for failure to serve the Barefoot defendants.

[2] Friedberg and Bunge list the fraudulent conveyance claim as Count One, and thereafter list each of the sought remedies as a separate count. Though Friedberg and Bunge seek different types of relief, the only count which states a cause of action is the fraudulent conveyance claim.

*Friedberg et al. v. Barefoot Architect, et al.*
Civil No. 2015-03
Memorandum Opinion
Page 4

On March 19, 2015, the defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted. The Court granted the motion on August 20, 2015. The Court granted the owners leave to amend their Complaint should they so choose. An amended complaint was filed on August 30, 2015. On October 30, 2016, the defendants moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted.

## II. DISCUSSION

When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint "in the light most favorable to the plaintiff." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010). The Court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party. *Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action

will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

The Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), set forth the "plausibility" standard for overcoming a motion to dismiss and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps[3]:

---

[3] *Iqbal* describes the process as a "two-pronged approach" but the Supreme Court took note of the elements a plaintiff must plead to state a claim

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

### III. ANALYSIS

The Barefoot Defendants allege that Friedberg and Bunge have failed to state a claim for fraudulent conveyance. The elements of a fraudulent conveyance claim are: (1) an actual conveyance of property or assets by the debtor which; (2) is made while a suit is still pending or in anticipation of a lawsuit; that (3) renders the transferor insolvent or greatly reduces its estate; and (4) is made for less than fair consideration. *Gov't Guar. Fund of Republic of Finland v. Hyatt Corp.*, 955 F. Supp. 441, 462, 35 V.I. 356 (D.V.I. 1997).

A fraudulent conveyance claim is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9 ("Rule 9"). *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078-79 (7th Cir. 1997). To be well pled under Rule 9

---

before proceeding to its two-step approach. Accordingly, the Third Circuit has deemed the process a three step approach. *See Santiago*, 629 F.3d at 130.

> [t]he claim must identify who, what, where, when, and how. Rule 9(b) is to be read in the context of the general principles of the Federal Rules, the purpose of which is to simplify pleading. Thus, the particularity required by Rule 9(b) is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations.

*United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003). When facts relating to the fraud are peculiarly within the perpetrator's knowledge, fraud may be pled on information and belief. *See U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997). However, that "exception must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *Id.* (internal quotations and citations omitted). "In addition, even where allegations are based on information and belief, the complaint must set forth a factual basis for such belief." *Id.* (citing *Kowal v. MCI Commc'n Corp.,* 16 F.3d 1271, 1279 n. 3 (D.C. Cir. 1994);*Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir. 1993)).

Friedberg and Bunge's amended complaint includes a number of allegations directed at transactions they believe were fraudulent. However, many of these allegations are based on information and belief without a factual basis for said belief.

For example, the amended complaint alleges that the plaintiffs are "informed and believe" that

> (c) Between 2000 and 2010, Milne acting as Barefoot, failed to follow the requisite corporate formalities by failing to hold regular corporate meetings, maintain corporate records and minutes, including resolutions to authorize Corporate acts.
>
> (d) Milne had Barefoot list family members as active officers and directors when in fact such family members had no involvement with Barefoot, did not reside within the Virgin Islands and did not participate in Barefoot's corporate meetings. These family members were Robert C. Milne, who was listed as the Secretary/Director and resided in France and Andrew Milne who was listed as a Director and resided in North Carolina.

*Amen. Compl.* at 4. Nowhere does the amended complaint explain the basis for that belief. In another portion of the amended complaint, the plaintiffs state that

> Plaintiff is *informed and believes*, and based thereupon alleges, that on January 28, 2011, just prior to Barefoot filing for Chapter 7 bankruptcy, Milne, without corporate resolution or formalities by Barefoot, transferred a 2005 Kia Truck with a stated value of $8,095, to Builders without Builders payment of any consideration for the vehicle for the purpose of placing this asset beyond the reach of creditors of Barefoot.

*Id.* at 7 (emphasis added). Again, the plaintiffs do not provide a factual basis for this belief. These are but two examples of

the imprecise factual basis underpinning the plaintiffs' allegations.

Friedberg and Bunge are correct in stating that Rule 9 is not to be applied inflexibly, particularly where certain knowledge may be solely in the hands of the defendants. *See, e.g., Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984). That said, even flexible application of Rule 9 does require that a plaintiff provide the basis for the beliefs alleged in a complaint. *See Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 924 (7th Cir. 1992)("The allegation concerning promises to pay IMI was made upon information and belief. However, allegations made upon information and belief are insufficient, even if the facts are inaccessible to the plaintiff, unless the plaintiff states the grounds for his suspicions, something Uni\*Quality has not done.")(internal quotations omitted). The grounds for the plaintiffs' suspicions have not been stated. Allegations, like those contained in Friedberg and Bunge's complaint, which fail to provide the grounds for the plaintiffs' suspicions, do not meet the requirements of Rule 9 no matter how flexibly applied. Though it is not expected or required that Friedberg and Bunge obtain information which resides solely in the hands of the

*Friedberg et al. v. Barefoot Architect, et al.*
Civil No. 2015-03
Memorandum Opinion
Page 10

defendants, they must do more to provide a basis for their pleading.

It is evident that as the complaint currently stands, its fraudulent conveyance claim is deficient. As such, the motion to dismiss will be granted.

An appropriate judgment follows.


                                                        S\_____
                                                        **Curtis V. Gómez**
                                                        **District Judge**